UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA S. JACOB, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) **Case No.:** |
| | ) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, a wholly-owned subsidiary of PORTFOLIO RECOVERY ASSOCIATES, INC., | ) **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| | ) |
| | ) **(Unlawful Debt Collection Practices)** |
| | ) |
| Defendant | ) |

## COMPLAINT

LISA S. JACOB ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PORTFOLIO RECOVERY ASSOCIATES, LLC, a wholly-owned subsidiary of PORTFOLIO RECOVERY ASSOCIATES, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate

United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Pittsburgh, Pennsylvania 15239.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with corporate headquarters located at 120 Corporate Boulevard, Norfolk, Virginia 23502.

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Portfolio Recovery Associates, Inc., through its wholly-owned subsidiary, Portfolio Recovery Associates, LLC, purchases, manages and collects debts.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees,

representatives, and insurers.

**FACTUAL ALLEGATIONS**

11. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff, related to a personal credit card.

12. The debt, a personal credit card, arose out of transactions, which were primarily for personal, family, or household purposes.

13. Plaintiff disputes owing the alleged debt.

14. By way of background, unbeknownst to Plaintiff, her mother began using her (Plaintiff's) credit cards to pay for medical expenses and prescriptions because she (Plaintiff's mother) did not have medical insurance.

15. Plaintiff's mother, however, was unable to pay the credit card bills.

16. After her mother had passed away, and Plaintiff was going through her mother's paperwork, did Plaintiff learn that her mother had been using credit cards issued to Plaintiff to pay her expenses.

17. Beginning in or around January 2014, and continuing through February 2014, Defendant repeatedly and continuously contacted Plaintiff in its attempts to collect a consumer debt.

18. Defendant contacted Plaintiff, on average, three (3) to four (4) times a day on her home and cellular telephones.

19. It was annoying and harassing for Plaintiff to be called with such

frequency.

20. Furthermore, it was upsetting to Plaintiff to receive these collection calls, as it reminded her of her mother, who passed away several years ago.

21. Desiring to stop the repeated telephone calls, on more than one occasion, Plaintiff spoke with Defendant's collectors to advise them that this was not her debt, to explain the circumstances behind the debt, and to tell them to stop calling.

22. Defendant's collectors, however, claimed that Plaintiff was responsible for the debt and that if she did not pay the debt that they would pursue legal action against her.

23. Upon information and belief, at the time Defendant threatened legal action, it did not intend to take the action threatened and legally could not take the action it threatened, as the debt was past the statute limitations.

24. Furthermore, Defendant did not update its records to stop the repeated collection calls to Plaintiff; instead, it persisted in calling her about a disputed debt knowing she did not want to be contacted.

25. Additionally, in its attempts to collect a debt, Defendant contacted Plaintiff' neighbors and family members, deceptively claiming to be looking for Plaintiff, despite possessing Plaintiff's home and cellular telephone numbers.

26. It was embarrassing to Plaintiff for her neighbors and family to learn

that there was a company trying to contact her.

27. Lastly, in its attempts to collect the debt, Defendant failed to send Plaintiff written correspondence, within five (5) days of its initial communication with her, advising her of her rights to dispute the debt and/or to request verification of the debt.

28. Defendant's actions as described herein were made with the intent to harass, upset, deceive, and coerce payment from Plaintiff.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

29. In its actions to collect a disputed debt, Defendant violated the FDCPA in the following ways:

**COUNT I**

a. A debt collector violates § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

c. Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it repeatedly called Plaintiff on her home and

cellular telephones, on average, three (3) to four (4) times a day, as well as continuing to call Plaintiff after having been told to stop calling her.

## COUNT II

a. A debt collector violates § 1692e of the FDCPA by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

b. A debt collector violates § 1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

c. A debt collector violates § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

d. Here, Defendant violated §§ 1692e, 1692e(5), and 1692e(10) of the FDCPA by threatening to take legal action against Plaintiff, when it did not intend to take the threatened action and legally could not take the threatened action.

## COUNT III

a. A debt collector violates § 1692f of the FDCPA by using unfair

or unconscionable means to collect or attempt to collect any debt.

b. Here, Defendant violated § 1692f of the FDCPA by failing to update its records to stop calling Plaintiff, to investigate Plaintiff's dispute of the debt, and calling Plaintiff's neighbors and friends in its attempts to collect a debt.

## COUNT IV

a. A debt collector violates § 1692g(a) of the FDCPA by failing to send to the consumer, within five days after its initial communication with a consumer in connection with the collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will

     be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

  b. Here, Defendant violated § 1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt or providing her with the name of the original creditor and the amount of the debt.

 WHEREFORE, Plaintiff, LISA S. JACOB, respectfully prays for a judgment as follows:

  a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

  b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d.      Any other relief deemed appropriate by this Honorable Court.

### **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, LISA S. JACOB, demands a jury trial in this case.

                                                                        RESPECTFULLY SUBMITTED,

Date: September 10, 2014                 By: __/s/ Craig Thor Kimmel_____
                                                                        Craig Thor Kimmel
                                                                        PA. No. 57100
                                                                        Kimmel & Silverman, P.C.
                                                                        30 E. Butler Pike
                                                                        Ambler, PA 19002
                                                                        Phone: (215) 540-8888
                                                                        Fax: (877) 788-2864
                                                                        Email: kimmel@creditlaw.com